**NAACP**

v.

**AMERIQUEST MORTGAGE COMPANY, et al.**

**No. SACV 07–0794 AG(ANX).**

United States District Court, C.D. California.

Jan. 12, 2008.

Angela Ciccolo, NAACP, Baltimore, MD, Austin Tighe, Vic Feazell, Feazeall and Tighe, Gary L. Bledsoe, Law Offices of Gary L. Bledsoe & Associates, Austin, TX, Brian S. Kabateck, Joshua H. Haffner, Richard L. Kellner, Kabateck Kellner LLP, Los Angeles, CA, for NAACP.

Brian P. Brooks, Elizabeth Lemond McKeen, O'Melveny & Myers, Newport Beach, CA, Michael J. Agoglia, Wendy Marie Garbers, Morrison and Foerster,

Tyree P. Jones, Jr., Reed Smith LLP, San Francisco, CA, Kirk D. Jensen, Matthew P. Previn, Buckleysandler LLP, Thomas M. Hefferon, Goodwin Procter, LLP, Washington, DC, Richard J. Sahatjian, Buckleysandler LLP, Amir Shlesinger, David S. Reidy, Abraham J. Colman, Reed Smith LLP, Julia B. Strickland, Matthew David Moran, Stephen J. Newman, Lisa M. Simonetti, Lucas Andrew Messenger, Stroock Stroock and Lavan, Brooks R. Brown, Goodwin Procter LLP, Los Angeles, CA, Mark S. Melodia, Reed Smith LLP, Princeton, NJ, Joyce S. Huang, Theodore V. Wells, Jr., Paul Weiss Rifkind Wharton & Garrison LLP, New York, NY, for Ameriquest Mortgage Company, Fremont Investment & Loan, Option One Mortgage Corporation, WMC Mortgage Corporation, Long Beach Mortgage Company, Citigroup Inc., Accredited Home Lenders Inc., Bear Sterns Residential Mortgage Corporation, a Corporation d/b/a Encore Credit, First Franklin Financial Corporation, HSBC Finance Corporation, Washington Mutual Inc., Does 1-10 Inclusive, Citimortgage, a Corporation, Suntrust Mortgage, GMAC Mortgage Group LLC, JP Morgan Chase & Co., National City Corp., First Horizon National Corporation, GMAC Residential Capital, LLC, First Tennessee Bank d/b/a First Horizon National Corp., Chase Bank USA NA.

ANDREW J. GUILFORD, District Judge.

Proceedings: **ORDER DENYING DEFENDANT FREMONT INVESTMENT AND LOAN'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)**

Before the Court is Defendant Fremont Investment & Loan's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"). After considering all arguments presented by the parties, the Court DENIES the Motion.

## BACKGROUND

Plaintiff National Association for the Advancement of Colored People ("Plaintiff") filed a complaint against Defendant, among others, for violations of the Fair Housing Act, the Equal Credit Opportunity Act, and the Civil Rights Act. (Complaint ¶¶ 7–8.) Defendant filed the Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir.2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted)). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)).

## ANALYSIS

Defendant argues that Plaintiff's claims for injunctive and declaratory relief should be dismissed because the claims are moot and because Plaintiff cannot show that it faces adequate "cognizable danger" to warrant injunctive relief. (Motion 4:7–8, 6:6–13.) When a claim is moot, it must be dismissed for lack of subject matter jurisdiction. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir.2003). Mootness occurs when a claim loses "its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law."

*Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). The party arguing for mootness must pass a "stringent" test. *United States v. Concentrated Phosphate Export Assn., Inc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave 'the defendant ... free to return to his old ways.'" *Id.* (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* However, the burden of proving this is "a heavy one." *W.T. Grant Co.,* 345 U.S. at 633, 73 S.Ct. 894.

Defendant argues that Plaintiff's claims are moot because Defendant "exited its subprime residential mortgage origination business" before Plaintiff filed its original complaint, and Defendant "has no present intent to resume this business." (Motion 4:8–11.) In fact, Defendant's departure from the subprime mortgage business was "coupled with FDIC and DFI oversight," (Motion 5:18–20), and Defendant argues that the FDIC's Order to Cease and Desist (the "FDIC Order") prevents Defendant from issuing subprime residential loans in the future. Defendant does not cite any specific part of the FDIC order. Rather, Defendant cites the entire 23–page document.

Plaintiff argues that the Court should deny the Motion under the voluntary cessation doctrine. (NAACP's Opposition to Defendant Fremont's Separate Motion to Dismiss ("Opposition") 3:10–27.) A party's "voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v, Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 174, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

A party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190, 120 S.Ct. 693.

■ The FDIC Order does not prohibit Defendant from issuing subprime loans, or any other kinds of loans for that matter. Instead, it seems only to regulate the lending process by prohibiting various "unsafe and unsound banking practices." (FDIC Order, Def.'s Exh. A p. 5.) Defendant may have voluntarily decided to exit from the subprime residential loan business after the FDIC Order, but there does not seem to be any external barrier to Defendant re-entering the market at any time in the future-for example, if it becomes lucrative again a few years from now.

Defendant also offers a corporate press release (Def.'s Exh. B) and a quarterly report (Def.'s Exh. C) that say it has exited the subprime residential loan market. Like the FDIC Order, these documents are not adequate to satisfy Defendant's heavy burden of showing that it could not reasonably be expected to re-enter the market.

Further, the Complaint is not restricted to subprime residential mortgage loans. It also includes "prime loans and specialty loans, including loans that have initial rates during the first few years that are substantially lower than the rates that will be charged during the subsequent years of the loan." (Opposition 2:21–23.) Therefore, even if Defendant satisfied its burden of showing that it could not reasonably be expected to reenter the subprime residential mortgage lending market, Plaintiff's claims still would not be moot.

Defendant argues that, even if mootness does not apply, Plaintiff's claims should be dismissed as a matter of law because

Plaintiff cannot show that it faces the requisite "cognizable danger" to warrant injunctive relief. (Motion 6:11–13.) But Plaintiff has alleged significant and ongoing injury both to itself and to its members. Therefore, Plaintiff has properly alleged that it faces the requisite cognizable danger.

## DISPOSITION

The Court DENIES the Motion.